[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 19, 2012
JOHN LEY
CLERK

No. 11-11973
_____

D.C. Docket No. 7:10-cv-01148-SLB

EDDISON WALTERS,

Plaintiff - Appellant,

versus

LIME FINANCIAL SERVICES, LTD.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 19, 2012)

Before BARKETT and HULL, Circuit Judges, and HUNT,[*] District Judge.

PER CURIAM:

Eddison Walters appeals the district court's dismissal under Federal Rule of

Civil Procedure 12(b)(6) of his claim that Lime Financial Services, Ltd. ("Lime")

_____

[*] Honorable Willis B. Hunt, Jr., United States District Judge for the Northern District of
Georgia, sitting by designation.

violated the Truth in Lending Act ("TILA"), by failing to complete two dates on Lime's form disclosing Walters' right to rescind the mortgage immediately after the transaction. Walters argues that these omissions violated TILA by failing to provide "clear and conspicuous notice" of "[t]he date the rescission period expires" and therefore Walter could rescind his mortgage with Lime, nearly three years after the initial transaction. 12 C.F.R. § 226.23(b)(1)(v).

We have held that "TILA does not require perfect notice; rather it requires a clear and conspicuous notice of rescission rights." Veale v. Citibank, F.S.B., 85 F.3d 577, 580 (11th Cir. 1996), cert. denied, 520 U.S. 1198 (1997). We are satisfied that the district court did not err in concluding that the form at issue in its totality provided reasonable notice of the date the rescission period expired.

AFFIRMED.